(81 Misc. Rep. 343.)

## SELINGER v. C. C., Inc., et al.

(Supreme Court, Special Term, Kings County. June 4, 1913.)

JUDGMENT (§ 119*)—DEFAULT JUDGMENT—NOTICE.
 The usual practice is to incorporate in the notice of trial a statement of the time and place of application for judgment against those defendants who appear and demand service of papers, but who do not answer, and who, under Code Civ. Proc. § 1219, subd. 1, are entitled to eight days' notice of the application; and where that is not done. and notice of trial is not served on such defendants, plaintiff is not entitled to judgment, unless he can procure a waiver of notice.

 [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 208, 209, 211–220; Dec. Dig. § 119.*]

Action for the foreclosure of a mortgage by Arthur H. Selinger against the C. C., Incorporated, and others. Application for judgment conditionally denied.

Samuel A. Telsey, of Brooklyn, for plaintiff.
Matthew M. Ward, for defendant R. J. McLoughlin Co.
Doherty & Coady, of Brooklyn, for defendant Cervadoro.

BENEDICT, J. The papers submitted in this matter are defective. In the first place, no notice of application for judgment has been given, so far as appears, to those defendants who appeared and demanded service of all papers, but who did not answer. These defendants were entitled to eight days' notice of such application. Code Civ. Proc. § 1219, subd. 1; 1 Wiltsie on Mortgage Foreclosure, p. 559. The usual practice, as I understand it, is to incorporate in the notice of trial a statement to the effect that at the same time and place an application will be made for judgment against those defendants who have not an-

swered. This was not done in the case before me, nor was any notice of trial served on those who appeared but did not answer.

If the plaintiff can procure a waiver of such notice from these defendants, I will sign the judgment. Otherwise, I will merely sign the decision, determining that plaintiff is entitled to judgment against those defendants who answered, and leaving him to make application at the Special Term for Motions for judgment against the other defendants. If waivers can be procured, they may be submitted to me, together with a further affidavit, supplementing the affidavit of regularity, showing whether or not any defendant not mentioned in the affidavit of regularity as having appeared in the action has done so. The affidavit submitted alleges that certain defendants have appeared, but does not show that no other defendant has appeared.

The answer of the defendant R. J. McLoughlin Company should be submitted.